STATE, Respondent, v. MOLSEED, Appellant.

(190 N. W. 554.)

(File No. 5215.    Opinion filed November 13, 1922.)

**Bail—Criminal Law—Supreme Court—Supreme Court Judge Will Not Admit Defendant to Bail, Where Trial Court Has Denied Application, Unless Circumstances Exceptional.**

Under Rev. Code 1919, Sec. 4597, making it discretionary with trial court as to whether a defendant should be admitted to bail pending appeal where the judgment does not merely impose a fine, and section 5039, providing that a judge of the Supreme Court may admit defendant to bail pending appeal when "the ends of justice demand that such defendant be admitted to bail," a judge of the Supreme Court will not admit a defendant to bail, where the trial court has denied his application, except under very exceptional circumstances.

James Molseed was convictd of a crime, and he appeals. On application for an order to show why defendant should not be released on bail pending appeal. Application denied.

Before Judge CARL G. SHERWOOD, as one of the Judges of the Supreme Court, on application for bail under sections 4597 and 5039, R. S. 1919.

*Thomas H. Kirby,* of Sioux Falls, for applicant.

SHERWOOD, J.   This matter was presented to the Presiding Judge of this court on application of defendant and on the

petition of Thomas H. Kirby, his attorney, based on the ground that certain errors were committed by the trial court, which prevented the appellant from having a fair trial, and that his constitutional rights had been invaded. But no abstract, brief, or other proof of such alleged errors or invasions was presented with the petition. On September 16, 1922, an order was made by Judge Polley, then acting Presiding Judge, that no showing was made in support of said application, or that the granting thereof would be in furtherance of justice, and the application was denied. The same matter is again presented under an application which reads:

"To the judges of the Supreme Court of the State of South Dakota, or Any of Said Judges to Whom this Application may be Assigned," etc.

This last application was supported by the affidavit of Thomas H. Kirby, reciting the conviction and sentence of defendant, his application to the trial judge for bail, the refusal of the trial judge to admit defendant to bail on his appeal, the abstract, brief, and argument of appellant, with a showing that defendant had appealed to this court from such conviction, and the alleged errors of the lower court on which reversal is claimed.

It seems to be the theory of defendant's counsel that although defendant has been tried and convicted of crime, and although the trial court has heard and refused an application to admit defendant to bail, this court, as such, acting collectively, or any single judge thereof, to whom the matter might be assigned by the Presiding Judge of this court, could and should, upon the showing now made, hear this application and grant an order to show cause thereon, or admit defendant to bail pending his appeal, notwithstanding the refusal of the trial court to admit him to bail.

There are two statutes in force in this state relating to bail after conviction. The first is found under the general title "Bail," and provides as follows:

"*Bail After Conviction.* After conviction in any case other than for a capital offense, where the defendant appeals from the judgment, bail by sufficient sureties is allowable:

"1. As a matter of right when the judgment imposes a fine only.

"2. As a matter of discretion in all other cases."

R. C. 1919, § 4597.

This statute is substantially identical with section 554, Revised Code of 1877, and has passed through each revision or compilation of the Code down to the present time, practically without change. By chapter 146, Session Laws of 1915, "appeal" was substituted for "writ of error" in criminal cases, and by chapter 200, Session Laws of 1917, it was provided:

"[*Defendant may be Admitted to Bail.*] After conviction of an offense a defendant who appeals from the judgment may be admitted to bail, by the trial judge, or any judge of the Supreme Court, in such sum as such judge deems proper in the following cases:

"1. As a matter of right when the appeal is from a judgment imposing a fine only.

"2. In other cases only when in the opinion of the trial judge or any judge of the Supreme Court to whom application is made, the ends of justice demand that such defendant be admitted to bail: Provided that in any case where a defendant has been admitted to bail upon such appeal, the judge may, if convinced that such appeal is not being prosecuted in good faith and with due diligence, cancel the order admitting such defendant to bail and remand him to proper custody."

This provision is identical with our present section 5039, R. C. 1919, and is found under the title "Proceedings for Appeal." The court's discretion was governed at common law by the rule, where a felony was charged, "to admit to bail only when it stood indifferent whether the party was guilty or innocent, * * * and where that indifference was removed, by the prisoner's conviction or otherwise, bail was generally refused." 6 C. J., p. 954, § 169. There is no constitutional right to bail after conviction. 6 C. J., p. 966, § 185. It is further said:

"In case of felonies, bail after conviction should be allowed with great caution, and only where the extraordinary or peculiar circumstances of the case render it right and proper." 6 C. J. 966, § 185.

Construing these two sections together, in view of the law above quoted, section 5039 seems to limit and define the court's discretion, spoken of in the second clause of section 4597, to cases "only" "where the ends of justice demand that the defendant be

admitted to bail." The judge who tried this cause not only heard all the evidence now before me, but also had the opportunity, which I have not, to observe the demeanor of the witnesses on the stand and hear them testify, has decided that "the ends of justice do not demand that defendant be admitted to bail" in this case.

No special reason is given in this application, and none appears in the brief and abstract, showing on the face of the record any demand of justice for bail or abuse of discretion on the part of the trial judge in its refusal. The decisions of the trial judge should not lightly be set aside in cases of this kind. Ex parte James Scott, 1 Dak. 135, 46 N. W. 512.

While I do not decide that the order of the trial judge refusing bail is res judicata in this case, in my opinion it should not be overthrown by a judge of this court, except under very exceptional circumstances, and no such circumstances appear anywhere in this record. To set aside the order of the trial judge would be trifling with, rather than obeying, the demands of justice in this case.

The application is denied.

The views herein expressed have been submitted to, and have been approved by, the other members of this court.

Note—Reported in 190 N. W. 554. See American Key-Numbered Digest, Bail, Key-No. 47, 6 C. J. Secs. 169, 185 and 204, 3 R. C. L. 27, note 14.