STATE, Respondent, v. ROSANDER, Appellant.

(194 N .W. 837.)

(File No. 5445.   Opinion filed July 5, 1923.)

**Bail—Appeal and Error—Criminal Law—Bail Granted Pending Appeal by Supreme Court Judge, After Denial by Trial Judge, Only in Extreme Case.**

Under Rev. Code 1919, Secs. 4597, 5039, as to admission to bail pending appeal from judgment of conviction, imposing more than a fine, even if application therefor may be made to a judge of the Supreme Court, after bail has been refused by the trial judge, only in an extreme case should the trial judge's determination be overturned, and only where it is apparent that he abused his discretion, and also apparent from a mere inspection of the record that defendant is entitled to a new trial.

Pierre Rosander was convicted of grand larceny, and pending appeal applies for admission to bail.   Application denied.

*Harry P. Atwater,* of Sturgis, for Applicant.

POLLEY, J.   The defendant was convicted of the crime of grand larceny in the circuit court of Meade county, and sentenced to serve a term of two years in the penitentiary and to pay a fine of $500.   He has appealed to this court, and applied to the judge of the circuit court for bail pending such appeal.   Bail was refused by the trial judge, and defendant now applies to this court. The application is addressed to the presiding judge, and has been by him assigned to me for disposition.

The application is made under the provisions of section 5039. This section reads as follows:

"After conviction of an offense a defendant who appeals from the judgment may be admitted to bail, by the trial judge or any judge of the Supreme Court, in such sum as such judge deems proper in the following cases:

"1.   *   *   *

"2. In other cases only when, in the opinion of the trial judge or any judge of the Supreme Court to whom application is made, the ends of justice demand that such defendant be admitted to bail.   *   *   *"

Whether it is the intention of the statute that a defendant who has been refused bail by the trial judge may then apply to a judge of this court or whether the action of the trial court is to be final need not be determined, but where application for bail has been refused by the trial judge who presided at the trial, before application is made to a judge of this court, I do not think a judge of this court should interfere except in cases where it is apparent that the trial judge has abused the discretion vested in him by section 4597, Code 1919, nor in any case except where it is apparent from a mere inspection of the record that the defendant is entitled to a new trial. In this case the applicant has filed a transcript of the proceedings in the circuit court, including the testimony, the instructions of the jury, and the assignments of error. These I have carefully examined, and after such examination I cannot say that I am satisfied from an inspection of the record that a new trial must be granted, nor that the trial judge abused his discretion in denying defendant's application for bail.

I am not unmindful of the hardship confronting the defendant, and especially if a new trial and acquittal should follow; but I feel that under the law it is only in an extreme case that the determination of an application for bail by trial judge should be overturned by a judge of this court. State v. Molseed (S. D.), 190 N. W. 554.

The application will be denied.

Note.—Reported in 194 N. W. 837. See, Headnote (1), American Key-Numbered Digest, Bail, Key-No. 44, 6 C. J. Sec. 204.

On right to bail pending appeal from conviction, see note in 19 A. L. R. 807.