STATE, Plaintiff, v. COOLEY, Defendant.

(194 N. W. 838.)

(File No. 5454.   Opinion filed July 11, 1923.)

**1.   Bail—Appeal and Error—Criminal Law—Pending Appeal Bail Can Be Granted by Supreme Court Judge, Though Refused by Trial Judge.**

A judge of the Supreme Court has under Rev. Code 1919, Sec. 5039, jurisdiction to grant bail pending appeal, notwithstanding refusal by the trial judge so to do.

**2.   Bail—Supreme Court—Criminal Law—Bail Granted Pending Appeal in View of Serious Questions of Error, Though Refused by Trial Judge.**

There being serious questions of any corroboration of the accomplice testimony connecting defendant with the murder of which he was convicted and of whether there was not prejudicial error in refusing one instruction and in giving of another, he will be granted bail by a judge of the Supreme Court pending appeal, though it has been refused by the trial judge; the case being such an exceptional one as under Rev. Code 1919, Sec. 4597, constitutes an abuse of discretion to refuse bail.

George Cooley was convicted of murder, and pending appeal applies for bail.   Application granted.

*Joe Kirby,* of Sioux Falls, for Applicant.

GATES, J.   Application has been made to me for the allowance of bail pending an appeal to this court from a judgment of conviction for murder rendered by the circuit court of Bon Homme county and from an order denying new trial.   On July 7, 1923, the trial court denied defendant's application for bail pending appeal, but granted a stay of 10 days to permit application to this court therefor.

[1]   I am of the opinion that a judge of the Supreme Court has jurisdiction to grant bail pending appeal notwithstanding the refusal of the trial judge so to do.   Such is the evident meaning of the statute.   Rev. Code 1919, § 5039.

[2]   I have carefully read the entire evidence as disclosed by the settled record.   It does not appear to be the theory of the state that defendant committed the overt act of murder.   It seems to me that the presence of defendant at the house where Mrs. Mudloff was killed depends entirely upon the testimony of Jarman, a self-confessed accomplice.   His testimony tended to show other testimony on behalf of the state tended to show that Jarman that he and Johnson and defendant entered the house, while the

and only one other unidentified person entered the house. The other testimony on behalf of the state tended to show that there could only have been one person in the house besides Jarman. Jarman's testimony tended to show that Johnson committed the murder, while the other evidence on behalf of the state tended to show that Jarman committed the murder. Defendant admitted being with Jarman and Johnson at the elevator, but he protested strongly that he did not go with Jarman and Johnson to the Mudloff house, and the only evidence I have been able to find which in any manner connects defendant with the transaction at the house is the testimony of Jarman. This presents the serious question whether there is any corroboration of Jarman's testimony on this point.

It is a serious question whether the trial court did not err to the prejudice of defendant in refusing to give the nineteenth requested instruction to the jury in accordance with the maxim, "Falsus in uno, falsus in omnibus." State v. Goodnow, 41 S. D. 391, 170 N. W. 661. It is a serious question whether the trial court did not err to the prejudice of defendant in giving the instruction with reference to the consideration the jury might give to the testimony as to the previous good character and reputation of defendant. Edgington v. U. S., 164 U. S. 361, 17 Sup. Ct. 72, 41 L. ed. 467; People v. Elliott, 163 N. Y. 11, 57 N. E. 103. In view of these questions and in view of the uncontradicted testimony as to the previous good character and reputation of defendant I believe "the ends of justice demand that such defendant be admitted to bail" pending appeal. Rev. Code 1919, § 5039. I deem this such an exceptional case as constitutes an abuse of discretion to refuse bail. Rev. Code 1919, § 4597; State v. Molseed, 46 S. D. 57, 190 N. W. 554; State v. Rosander, 46 S. D. 516, 194 N. W. 837, decided July 5, 1923.

I am of the opinion that bail should be fixed in the sum of $25,000. It will be so ordered.

I am permitted to add that all of the other Judges of this court concur in this view.

Note.—Reported in 194 N. W. 838. See, Headnote (1), American Key-Numbered Digest, Bail, Key-No. 47, 6 C. J. Sec. 204; (2) Bail, Key-No. 44, 6 C. J. Sec. 204.

On right to bail pending appeal from conviction, see note in 19 A. L. R. 807.