STATE, Respondent, v. RUNYAN, Appellant.

(204 N. W. 1006.)

(File No. 6006.   Opinion filed July 14, 1925.)

1.  **Bail—Appeal and Error—Statute Held Not to Add Greater Restrictions in Admitting One to Bail Pending Appeal Than Was Previously Required.**

     Rev. Code 1919, Sec. 5039, held not to add greater restrictions in admission of one to bail after conviction pending appeal than was previously necessary under section 4597.

2.  **Bail—Appeal and Error—Bail Granted After Conviction Pending Appeal.**

     Application for admission to bail, pending appeal from conviction for selling intoxicating liquors granted, where Attorney General, having notice of application, did not resist it, there was probable cause for and good faith, in taking appeal, and there was no showing justifying inference that defendant would be other than law-abiding citizen if admitted to bail.

Appeal from Circuit Court, Turner County; Hon. L. L. FLEEGER, Judge.

G. F. Runyan was convicted of selling intoxicating liquors. On application to judge of Supreme Court to be admitted to bail pending appeal.   Granted.

*Johnson & Simons*, of Sioux Falls, for Appellant.

*Bernard A. Brown*, of Pierre, for the Attorney General in behalf of the state.

CAMPBELL, J.   G. F. Runyan was convicted in circuit court in Turner county on May 19, 1925, of the offense of selling intoxicating liquor, and was sentenced to serve five months in the county jail of said county and pay a fine of $250.   Defendant moved for a new trial, and his appeal from the judgment and order denying a new trial is pending in this court.   He applied to the trial judge to be admitted to bail, which was refused, and he now seeks admission to bail by one of the judges of this court.

The Attorney general had notice of the submission of this application, and appeared there at, and stated, in substance, that he admitted the appeal to be in good faith, upon substantial questions and not frivolous, and has no disposition to and did not resist the application.

Without going so far as to determine in advance of the submission of the appeal that reversible error is apparent in the

record, it can certainly be held upon the record that there is probable cause and reasonable ground for the appeal, and that the same is taken in good faith.

The defendant is a man of family, and has resided for more than five years last past in the town of Davis in Turner county, where he conducts a store and restaurant. No showing is made that he has been an habitual offender against any of the laws of this state, nor that his previous course of conduct has been such as to justify any inference or belief that he would be other than a law-abiding citizen if admitted to bail pending his appeal.

[1] Also from the record and from the showing made I am inclined to the opinion that the trial judge would have granted bail in this case except that he conceived the rule to be, subsequent to the opinion of a judge of this court in State v. Molseed, 46 S. D. 57, 190 N. W. 554, that chapter 200, Laws 1917 (now section 5039, Rev. Code 1919) added some restrictions in the matter of admission to bail, and necessarily required from a defendant seeking bail a considerably stronger affirmative showing of some special reason for bail in his particular case than had previously been necessary under the provisions of section 4597, R. C. 1919. Such view, I believe to be erroneous, as I have stated at some length in an opinion this day filed re application for bail in the case of City of Sioux Falls v. Marshall, 48 S. D. 378, 204 N. W. 999.

[2] This application being not resisted by the Attorney General, and after a careful consideration of all the circumstances of the particular case, I am of the opinion that the exercise of a sound judicial discretion requires, and that the ends of justice demand, that the application be granted, and that the defendant should be admitted to bail pending his appeal in the sum of $1,200, subject to cancellation, if the prosecution of the appeal is not continued with due diligence, as provided by section 5039, R. C. 1919.

It will be so ordered.

Note.—Reported in 204 N. W. 1006. See, Headnote, American Key-Numbered Digest, Bail, Key-No. 44, 6 C. J. Sec. 187; (2) Bail, Key-No. 44, 6 C. J. Sec. 187.

On right to release on bail pending appeal under a general statute, see note in 37 L. R. A. (N. S.) 693; 3 R. C. L. 16; 4 R. C. L. Supp. 165.