STATE, Respondent, v. SCHULTZ, Appellant.

(210 N. W. 50.)

(File No. 6334.   Opinion filed September 7, 1926.)

**Bail.**

> One convicted of embezzlement, whose appeal raised serious questions, and who was able to furnish ample bail, **held** improperly denied bail pending appeal.

---

Note.—See, Headnote, A m e r i c a n   Key-Numbered   Digest, Bail, Key-No. 44, 6 C. J. Sec. 187.

Appeal from Circuit Court, Moody County; HON. L. L. FLEEGER, Judge.

Fred W. Schultz was convicted of embezzlement, and he makes application to be admitted to bail pending appeal. Application granted

T. M. Bailey, of Sioux Falls, and Alan Bogue, of Parker, for Applicant.

R. F. Drewry, Assistant Attorney General, and J. D. Coon, State's Attorney, and C. V. Caldwell, Assistant State's Attorney, both of Sioux Falls, for the State.

CAMPBELL, J. Fred W. Schultz, formerly president of the First State Bank of Sioux Falls, was informed against in Minnehaha county for embezzling the funds of said bank. The case was removed to Moody county for trial, defendant was convicted, and on August 6, 1926, was sentenced to imprisonment in the penitentiary for five years. Defendant's motion for new trial

has been denied, and he has perfected an appeal to this court from the judgment of conviction and from the order denying new trial. The trial judge denied defendant's application to be admitted to bail pending appeal, refused a stay of proceedings to permit application to this court, or one of the judges thereof, and committed the defendant, who now makes application to me for the allowance of bail pending appeal, which application is resisted on the part of the state. The matter was argued before me on August 30, 1926, pursuant to written stipulation and waiver of notice, by Mr. Bailey, for the applicant, and Messrs. Drewry, Coon and Caldwell, for the state.

Defendant makes a very strong showing of previous good character and reputation, which is entirely uncontradicted by the state. The state does not contend that the defendant has been an habitual criminal, nor that there is any reason to believe he will conduct himself as other than a law-abiding citizen during the period of his liberty on bail, if bail be granted. The state makes no showing, and makes no serious contention, that the defendant, if bail be granted, is unlikely to appear and abide his punishment, if his conviction is affirmed. Neither does it appear that the discretion of the trial judge in any wise addressed itself to these particulars. Upon the showing as made before me, it affirmatively appears that the decision of the trial judge was based entirely upon the fact that he was fully persuaded that the record in this case exhibits no error prejudicial to the defendant, and no reasonable ground or probable cause for appeal, and that was the reason assigned by him for refusing bail.

I have read the transcript of the evidence in this case, and have examined the entire record with care and attention, as well as the authorities cited by counsel upon this application, and I am not able fully to share in the absolute confidence which appears to have been entertained by the trial judge as to the sufficiency of the record to support the conviction. There is no serious question in this case as to what was actually done by the defendant. The real question is as to the intent in his mind at the time of the doing of the acts; in other words, as to whether or not he had a criminal intent. The state offered certain evidence of various other transactions claimed by it to have a tendency to show criminal intent on the part of the defendant in the particular transac-

tion involve in this case, which evidence was admitted over the objections of defendant. Thereafter defendant offered certain evidence which he claimed tended to show good faith upon his part in the transaction herein involved, and an absence of criminal intent, which offered evidence was refused.

Without passing upon the merits of the appeal in advance of proper and complete submission thereof, I am nevertheless compelled to the view that the appeal presents very serious questions on these points. The questions thus presented are not technical in their nature, but going, as they do, to the matter of intent, reach the very heart of the question as to whether or not any criminal offense was committed. If this court should determine that the trial court erred in its rulings upon any of these matters, there would be no escape from holding such error prejudicial to the defendant, and remand for a new trial would necessarily follow, in which trial the reception of evidence would be governed by the decision of this court, and if it should be thereby determined that some of the evidence introduced by the state was improperly received, or that some of the evidence offered by the defendant was improperly rejected, or both, it might very well be that a second jury, upon the changed state of the testimony, might arrive at a different verdict.

I am not a believer in "coddling the criminal," nor in any unnecessary delay in the enforcement of our criminal laws; but, on the other hand, I do not believe, in view of the statutes of this state as to appeal and bail, that a man of previous good character and reputation, able to furnish bail in such amount as will in all likelihood assure his appearance, if his conviction is affirmed, who has appealed in good faith and raises serious and important questions upon the merits, should be incarcerated and compelled to undergo penal servitude at a time when there is still grave doubt as to whether he has in fact committed the criminal offense with which he is charged, and when that question is still an open one for judicial consideration.

Assuming that defendant is admitted to bail in this case, and that his conviction is affirmed by this court, there is no reason to believe but that defendant will conduct himself as a law-abiding citizen until the time of such affirmance, and upon such affirmance will surrender himself to undergo his punishment. Surely the de-

mands of organized society will be fully met if the defendant, upon affirmance of his conviction, abides the penalty imposed for his criminal act, and surely organized society can suffer no serious detriment by reason of the fact that the entrance of the defendant into the state penitentiary is postponed from the present time until the time of affirmance of his conviction.

Viewing the situation from the other angle, if bail be refused, the conviction reversed, and defendant again tried and acquitted, he would be placed in the position of having been compelled to undergo penal servitude from the present time until the reversal of the conviction by way of punishment for a non-criminal act. The utter injustice of such a situation is entirely apparent, and is only increased by the fact that there is no way whereby organized society could in any wise compensate the defendant therefor.

Upon a careful consideration of all the circumstances of this case, I am convinced that the situation is very similar to that presented to Gates, J., in State v. Cooley, 46 S. D. 518, 194 N. W. 838, and that the refusal of bail amounted to an abuse of discretion. I am of the opinion that the exercise of a sound judicial discretion requires, and the ends of justice demand, that this application should be granted; that execution of the judgment be stayed, and the defendant admitted to bail, pending his appeal, in the sum of $7,500, subject to cancellation if the prosecution of the appeal is not continued with due diligence, as provided by section 5039, R. C. 1919.

It will be so ordered.

I desire to add that I have submitted this matter to the other Judges of this court, excepting only DILLON, J., who is absent, and I am permitted to state that they concur in the views hereinabove expressed.