STATE, Respondent v. OLSON, Appellant

(152 N.W.2d 176)

(File No. 10458.   Opinion filed July 19, 1967)

**Frank L. Farrar,** Atty. Gen., Pierre, **Sam D. Sechser,** Deputy State's Atty., Sioux Falls, for plaintiff and respondent.

**L. A. Weisensee,** Canton, for defendant and appellant.

BIEGELMEIER, Judge.

Application was made to me that the defendant be admitted to bail pending his appeal to this court from a sentence of the Circuit Court of the Second Judicial Circuit in and for Minnehaha

County, South Dakota, dated June 12, 1967, which after hearing on June 13, 1967, was denied without prejudice to a subsequent application upon the record and such facts as may be considered appropriate thereafter.

Another application was thereafter forwarded to the clerk of the court and assigned to me for consideration. A hearing by consent of counsel was held July 17, 1967, and I have signed an order authorizing the defendant to be admitted to bail in the sum of $5,000.00 pending such appeal and this Memorandum is written immediately thereafter to explain my views. Article VI, § 8, of the South Dakota Constitution reads:

"All persons shall be bailable by sufficient sureties, except for capital offenses when proof is evident or presumption great. * * *"

In City of Sioux Falls v. Marshall, 1925, 48 S.D. 378, 204 N.W. 999, 45 A.L.R. 447, Judge Campbell construed this provision as follows:

"By virtue of our constitutional provision (article 6, § 8) * * * bail before conviction is a matter of absolute right in all cases. This constitutional guaranty, however, does not apply to bail after conviction. * * * The matter of bail after conviction in this state is governed by statute."

SDC 1960 Supp. 34.1803 provides:

"After conviction in any case other than for a capital offense, where the defendant appeals from the judgment, bail by sufficient sureties is allowable * *".

SDC 1960 Supp. 34.4107 provides:

"A defendant who appeals from a judgment of conviction may be admitted to bail by the trial court or any Judge of the Supreme Court in such sum as such court or judge deems proper in the following cases:

(1) As a matter of right when the appeal is from a judgment imposing a fine only.

(2) In other cases excepting in case of appeal from a judgment imposing sentence of death only when, in the opinion of the trial court or any Judge of the Supreme Court to whom application is made, the ends of justice demand that the defendant be admitted to bail. * * *''

In addition to the opinion by Judge Campbell in the Marshall application where bail was denied other opinions involving bail have been considered including State v. Molseed, 1922, 46 S.D. 57, 190 N.W. 554, and State v. Rosander, 1923, 46 S.D. 516, 194 N.W. 837, where bail was likewise denied and State v. Cooley, 1923, 46 S.D. 518, 194 N.W. 838, and State v. Schultz, 1926, 50 S.D. 303, 210 N.W. 50, where the application for bail was granted.

The facts as they appear from the hearing are defendant has been engaged in the sale of trailers and for transactions involving such business he was charged and convicted of crime by embezzlement by bailee on January 30, 1967, and sentenced to 4 years in the penitentiary. From that conviction defendant appealed to this court and is free on bond pending such appeal, the bond having been fixed and approved by the trial judge. Defendant was later tried for a similar offense committed prior to that conviction with a different trial judge presiding and upon such conviction sentenced to 4 years in the penitentiary. This trial judge denied bail pending the appeal from the second conviction.

Defendant is 36 years of age, married and the father of six minor children, has been a resident of Sioux Falls, South Dakota, for eight years, is a salesman and presently selling advertising signs. He has previously furnished bond for appearances at the trials, has appeared at such trials and hearings, exhibited a willingness to appear in accordance therewith and states that his troubles involved a series of transactions in the sale of mobile homes, that out of this business the company with which he was affiliated came into financial difficulties.

The problem of bail has been receiving increased attention by the courts and persons interested in law enforcement. Nationally it has resulted in adoption of Rule 46, Federal Rules of

Criminal Procedure, 18 U.S.C.A. page 320. Counsel at the hearing have suggested that there are three things to be considered at hearings on bail. They are to assure the appearance of the defendant, protect the public and not endanger the community, and whether or not the appeal is frivolous. There is a fourth item that must be considered at this hearing which will be hereafter mentioned.

██ ██ The primary purposes of bail in a criminal case are to relieve the accused from imprisonment, the state of the burden of keeping him pending the trial or appeal and at the same time to keep him constructively in the custody of the court, whether before or after conviction, and to assure that he will submit to the jurisdiction of the court and be in attendance thereon whenever his presence is required. 8 Am.Jur.2d, Bail and Recognizance, § 4. The granting of bail to a large extent is governed by the facts and circumstances of each particular case. Since the object of the detention or imprisonment is to secure his appearance and submission to the jurisdiction and judgment of the court, the primary inquiry is whether a bond or recognizance will effect that end. 8 Am.Jur.2d, Bail and Recognizance, § 39.

As indicated, defendant is not charged with a crime of violence, and except for a payment of a $100 fine on a bad check charge some time before and this present trailer business trouble he apparently has been industrious and has provided for his family. It does not appear that he is a person dangerous to be at large in the community—at least so far as their physical and personal safety is involved.

Whether the appeal is frivolous is a difficult question. While from the meagre record presented and the short time involved for examination of it, the appeal may not appear to me to have merit; yet, it is not for me to say what other members of the court may determine on its merits. It seems therefore that on the first two matters—the furnishing of bond to assure his appearance and the fact that he is no danger to the community—weigh quite heavily in his favor on this application and outweigh the questionable merits of the appeal. So much for the three items mentioned in arguments.

The fourth matter that has been given some weight is that defendant was sentenced to 4 years for the January conviction and 4 years for the June conviction, the June sentence for 4 years to run concurrently with the sentence on the first conviction. Defendant was allowed bail by the trial judge in the first conviction (which has considerable weight in making my decision) and, of course, is thereby presently free from service of that sentence because of furnishing that bail or bond. If he were to be imprisoned on the second conviction he would be serving that sentence only, and would not be serving the time required in the first sentence; at least it may raise a serious question of law thereon and redound to the detriment of the defendant because of his freedom under the first conviction and imprisonment under the second.

These, therefore, are the reasons that have impelled my conclusion to admit the defendant to bail at this time.