GEELAN, Petitioner v. STATE, Respondent

(182 N.W.2d 311)

(File No. 10798. Opinion filed December 18, 1970)

**Martin Weeks,** Vermillion, for petitioner.

**Gordon Mydland,** Atty. Gen., **C. J. Kelly,** Asst. Atty. Gen., Pierre, for respondent.

RENTTO, Judge.

On November 13, 1960, a place of business in Vermillion, South Dakota, was burglarized. Lawrence Geelan and Charles Orricer were arrested and charged with the offense. After separate jury trials, they were found guilty of committing the act and sentenced to serve 15 years in the penitentiary. They were tried consecutively with Orricer's trial first.

Both convictions were affirmed by this court on appeal: State v. Orricer, 80 S.D. 126, 120 N.W.2d 528; State v. Geelan, 80 S.D. 135, 120 N.W.2d 533. Each of them filed petitions for

postconviction relief which, after evidentiary hearings, were denied. They then appealed from the denial of their respective efforts. We recently affirmed the denial of Orricer's petition. Orricer v. State of South Dakota, 85 S.D. 293, 181 N.W. 2d 461. This proceeding presents Geelan's appeal from the denial of his petition.

At oral argument it was suggested that possibly this matter was moot since Geelan had served his sentence and been released from the penitentiary during the pendency of this proceeding. This does not necessarily follow. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917; Morrissey v. State, Minn., 174 N.W.2d 131. Because of the adverse consequences that may flow from so recent a conviction, exclusive of the punishment inflicted thereon, he still may seek to have it nullified. It could disqualify him from engaging in certain business activities and seriously prejudice him in the affairs of his everyday life. That the accused is a multiple offender, as Geelan was, is of no relevance in this regard. Sibron so holds.

As here argued the matter presents the following grounds for consideration:

1. Evidence obtained by an illegal search.

2. Illegally drawn jury panel.

3. Conviction based on perjured testimony.

4. Failure to appoint expert witness for him.

5. Evidence insufficient to warrant conviction.

6. Suppression of evidence by the prosecution.

7. Denial of right to effective counsel.

The petition, which was filed before our decision in McMullen v. State, 84 S.D. 538, 173 N.W.2d 499, does not conform to the title directions announced in that case. Consequently, we have altered the title of the proceeding to show him as petitioner against the State of South Dakota as respondent.

Grounds identical to 1, 2, and 3 and based on the same or substantially similar factual premises, were urged by Orricer on the appeal in his postconviction proceeding. We there held that none of them justified the granting of the relief requested. Orricer v. State of South Dakota, supra. For the reasons indicated in that opinion we hold grounds 1, 2, and 3 to be without merit.

■ The matters urged in grounds 4 and 5 were before us in his direct appeal from the judgment of conviction. We decided these issues against petitioner. Our postconviction proceedings, SDCL 23-52, may not be used to secure a second review of an issue finally decided on an appeal. State v. Roth, 84 S.D. 44, 166 N.W.2d 564. Consequently, they are not presented by this proceeding.

■ When Orricer was apprehended he was driving Geelan's car. A pair of gloves was on the front seat of the car in open view of the officers. In Orricer's postconviction appeal we held that under such circumstances their removal by the officers was not a search, and as stated above, apply that holding to ground 1 herein. On these gloves there were foreign substances which were identified as having come from the safe that the burglars were attempting to open.

In the car there was also a topcoat and a pair of gloves which Geelan claims were his. These articles were not used as evidence in the trial by the state but were delivered to Geelan when he departed the county jail in Vermillion for the penitentiary, after his conviction and sentence. Ground 6 of his petition involves these gloves. His complaint is that if the state had delivered them to him before the trial, they could have been used as evidence in his defense because they contained no foreign substance connecting them with the burglary.

He claims that by not doing so the state suppressed and withheld evidence valuable to his defense. In asserting this position he relies heavily on Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. That case merely holds that due process requires the sovereign to produce, upon request, evidence favorable to an accused which is material either to guilt or to punishment, irrespective of the good

faith or bad faith of the prosecution. Here there was no request. In view of this the rule urged has no application.

The intentional suppression of the material evidence by the state would, of course, be a denial of a fair trial and due process. 16A C.J.S. Constitutional Law § 591. But to be guilty of suppression the prosecution must do so knowingly and deliberately. Pyle v. State of Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed 214. The burden of establishing this by adequate proof is upon the petitioner. State v. Roth, supra. The postconviction court found that he had not carried such burden. This conclusion is well supported by the evidence.

■ While petitioner in all subsequent proceedings has had appointed counsel, in his initial trial he was represented by two lawyers whom he retained. It is common knowledge that both of them during their long years of practice had participated in numerous criminal defenses. One of them was his cousin. The other had participated in Orricer's defense which afforded him a rare opportunity to become familiar with the case that the state had against the petitioner. The postconviction court held that he was represented by two competent attorneys and was not denied the effective assistance of counsel. From the record we are satisfied that this conclusion is correct. It was his burden to show otherwise. State ex rel. Burns v. Erickson, 80 S.D. 639, 129 N.W.2d 712. This he failed to do.

Moreover, he made no complaint concerning their services at any time during the trial until after his conviction. See State v. Geelan, supra. Dissatisfaction with one's counsel in retrospect, is not the same as deprivation of the right to counsel within the meaning of the due process clause. Schlette v. People of State of California, 9 Cir., 284 F.2d 827. Due process demands a fair trial and that the petitioner was afforded. It does not require errorless representation.

Affirmed.

All the Judges concur.