UNITED STATES of America ex rel.
Sarah **BAD HEART BULL** et al.,
Relators,

v.

**J. D. PARKINSON,** Warden, South Dakota Penitentiary, Sioux Falls, South Dakota, and Margaret Holt, Warden, Women's Correctional Facility, Yankton, South Dakota, Respondents.

Civ. 74–4051.

United States District Court,
D. South Dakota, S. D.

Oct. 2, 1974.

Sidney B. Strange, Sioux Falls, S.D., and Kenneth E. Tilsen and Mark Lane, St. Paul, Minn., for relators.

Sam Schaunaman, Asst. Atty. Gen., Pierre, S.D., and Harold C. Doyle, Sp. Asst. Atty. Gen., Sioux Falls, S.D., for respondents.

NICHOL, Chief Judge.

Sarah Bad Heart Bull, Kenneth Dahl and Robert High Eagle, relators in this proceeding, were convicted by a jury in state circuit court of the crime of riot where arson was committed, on June 20, 1974. The state trial grew out of a disturbance which occurred at Custer, South Dakota, on February 6, 1973. Relators were part of a group of people, predominantly American Indians, who were protesting the stabbing death of Wesley Bad Heart Bull, son of relator Sarah Bad Heart Bull. During the protest some violence occurred, and at least one building was burned.

Subsequent to the convictions in the state case and at the conclusion of a

one-day mitigation hearing, on July 29, 1974, the state trial judge pronounced sentences of imprisonment of 1–5 years for Bad Heart Bull, and 5–7 years for Dahl and High Eagle. Counsel for the relators moved immediately for bail pending the appeal of their convictions. The trial judge, the Honorable Joseph Bottum, without hesitation and without any discussion of his reasons, denied the motion. A further motion for bail pending appeal was filed with the South Dakota Supreme Court on July 30, 1974. This latter motion was denied by Justice Winans on August 29, 1974.

This case was commenced on September 5, 1974, with the filing of a petition for a writ of habeas corpus. The petition alleged in substance that the denial of bail pending appeal, and the relators' continued confinement, violated the United States Constitution.

The jurisdiction of this court is invoked pursuant to 28 U.S.C. Secs. 2241 et seq., and 28 U.S.C. Sec. 2254(a). Section 2254(a) provides that a person held in state custody may properly apply for a writ of habeas corpus in federal court on the ground that he is being confined in violation of the United States Constitution. Any suggestion that these relators have failed to exhaust their state remedies, as is required by 28 U.S.C. Secs. 2254(b) and (c), was expressly disposed of at the hearing on this petition by the state's concession on that point. This court finds that it does have jurisdiction to entertain the writ in this case.

■■ The Eighth Amendment to the United States Constitution provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." While the Court of Appeals for this circuit, in Pilkinton v. Circuit Court of Howell County, Missouri, 324 F.2d 45, 46 (8th Cir. 1963), has held that the "excessive bail" prohibition of the Eighth Amendment applies to the states by virtue of the Fourteenth Amendment, no court has as yet held that there is an unqualified constitutional right to bail.

Prior to conviction, as well as after conviction, no defendant is automatically assured of bail by the federal Constitution. Mastrian v. Hedman, 326 F.2d 708 (8th Cir.), cert. denied, 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964); United States ex rel. Keating v. Bensinger, 322 F.Supp. 784 (N.D.Ill.1971). However, a right created by a state legislature may not be arbitrarily or discriminatorily denied, without running afoul of the Fourteenth Amendment. American Ry. Express v. Kentucky, 273 U.S. 269, 273, 47 S.Ct. 353, 71 L.Ed. 639 (1927); United States ex rel. Keating v. Bensinger, 322 F.Supp. 784, 786 (N.D. Ill.1971); cf. Goldberg v. Kelly, 397 U.S. 254, 261–263, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

■ The South Dakota legislature has made provision for bail pending appeal. Section 23–26–4 of S.D.C.L. provides as follows:

After conviction in any case other than for a capital offense, where the defendant appeals from the judgment, bail by sufficient sureties is allowable:

(1) As a matter of right when the judgment imposes a fine only;

(2) As a matter of discretion in all other cases.

S.D.C.L. Sec. 23–51–13 provides:

A defendant who appeals from a judgment of conviction may be admitted to bail by the trial court or any judge of the Supreme Court in such sum as such court or judge deems proper in the following cases:

(1) As a matter of right when the appeal is from a judgment imposing a fine only;

(2) In other cases excepting in case of appeal from a judgment imposing sentence of death only when, in the opinion of the trial court or any judge of the Supreme Court to whom application is made, the ends of justice demand that the defendant be admitted to bail.

No bail shall be fixed or allowed after conviction in case of appeal from a judgment imposing sentence of death.

These statutes, and the cases which have applied them, establish at a minimum that a defendant who otherwise fits the statutory specifications, is entitled to have his application for bail pending appeal fairly considered. In State v. Olson, 82 S.D. 60, 152 N.W.2d 176 (1967), the South Dakota court indicated the factors to be considered in passing upon an application for bail pending appeal. The specific factors to be considered by a judge of a South Dakota state court are not determinative here, however. The determinative factor is that such standards, or factors, do exist, and have been enunciated by the South Dakota Supreme Court. The statutes referred to and quoted above, when read in light of the South Dakota case law, establish that, within defined limits, a person convicted of a crime is entitled to bail pending the appeal of the conviction. It is not the function of this court to substitute its judgment for that of the state court. It is the function of this court to ascertain whether the action of the state court, in deciding the motion for bail pending appeal made in state court, was arbitrary or discriminatory. As stated in Mastrian v. Hedman, 326 F.2d 708, 711 (8th Cir. 1964),

> What the state court did would have to be beyond the range within which judgments could rationally differ in relation to the apparent elements of the situation. It would have to amount in its effect to legal arbitrariness in the administration of the bail right provided, so as to constitute a violation of due process, or to discriminatoriness in the application of the right as against petitioner, so as to constitute a violation of equal protection.

The situation in the instant case is that in the trial court, at the time the motion for bail pending appeal was made, there was no indication of the factors considered by the trial judge. In the absence of any findings in support of the trial judge's denial of bail pending appeal, it is literally impossible for this court to ascertain whether or not such denial was constitutionally impermissible on that basis. It is true that Justice Winans, in his order of August 29, 1974, denying an application for bail pending appeal, indicated the factors he considered, and the facts upon which he relied. As this court perceives this case, however, any constitutional infirmity which arose at the trial court level may not be corrected so easily. It should also be borne in mind that the Supreme Court of South Dakota attaches great weight to the decision of the trial judge in these matters. State v. Wilcox, 48 S.D. 646, 205 N.W. 708 (1925). In the opinion of this court, the failure of the trial judge to indicate on the record, at the time of his ruling, the factors he considered and facts upon which he relied, constitutes a violation in itself of the Fourteenth Amendment's due process clause. As is stated in United States ex rel. Keating v. Bensinger, 322 F.Supp. 784, 787 (N.D.Ill.):

> (W)hen a state court denies bail authorized by the state legislature without providing any supporting reasons, the failure to indicate the motivating reasons for the denial of bail is in and of itself an arbitrary action that violates the Eighth and Fourteenth Amendments. *Any other rule would effectively nullify the protection of those Amendments.*

The validity of the emphasized portion of the quoted material can hardly be doubted. To hold otherwise would be to shield arbitrary actions from constitutionally attuned scrutiny.

This court concludes that the trial court's denial of bail to these relators violated their constitutional rights. It is not this court's ruling that these relators have an unqualified right to bail pending appeal; rather, this court finds that they are entitled to a hearing and a decision on their motion for bail pending appeal which accords with the due process requirements of the Fourteenth Amendment to the United States Consti-

tution. Accordingly, this court grants the relators' writ of habeas corpus, and will order the release of the relators until such time as the appeal of their state court convictions has been decided. However, this court feels obliged to stay the enforcement of the writ for a period of fifteen days and will authorize its dissolution if, within that period, the state court provides a hearing on the bail issue, and either grants reasonable bail, or accompanies a denial of bail with sufficient findings of fact to pass constitutional muster.

The foregoing constitutes the court's findings of fact and conclusions of law, pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

Counsel for the relators will prepare and submit an appropriate order in accordance with this memorandum decision.