UNITED STATES of America ex rel.
Sarah **BAD HEART BULL** et al.,
Relators,

v.

**J. D. PARKINSON**, Warden, South Dakota Penitentiary, Sioux Falls, South Dakota, and Margaret Holt, Warden, Women's Correctional Facility, Yankton, South Dakota, Respondents.

No. Civ. 74–4051.

United States District Court,
D. South Dakota, S. D.

Dec. 30, 1974.

Kenneth E. Tilsen, St. Paul, Minn., and Sidney B. Strange and Keith R. Strange, Sioux Falls, S. D., for relators.

Harold C. Doyle, Sp. Asst. Atty. Gen., Sioux Falls, S. D., for respondents.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

This is a habeas corpus proceeding under 28 U.S.C. Sec. 2254(a) brought by three individuals, each of whom was convicted in South Dakota state circuit court of a felony. After sentence was announced by the judge in the state court case, the three defendants requested that bail be set pending the appeal of their convictions to the South Dakota Supreme Court. The state trial judge refused the request.

This court held, in a previous opinion in this habeas proceeding, that the failure on the part of the state court judge to indicate the factors he considered,

and the facts on which he relied, in refusing the bail motion, violated the due process clause of the Fourteenth Amendment to the United States Constitution. That opinion is reported at 381 F.Supp. 985 (D.S.D.1974).

It was the conclusion of this Court, as indicated in that opinion, that the relators were being held in violation of the Constitution. This Court ordered the relators released from custody, but authorized the stay of their release for fifteen days, to enable the State to afford relators a constitutionally adequate consideration of their request for bail pending appeal. A hearing has been held in state court, by the state trial judge, and again the request for bail pending appeal has been denied.[1]

The issue before this Court now is whether the State court bail hearing met constitutional due process standards. If it does, this Court should quash the writ of habeas corpus ordering the relators' release. On the other hand, if this Court should determine that the refusal to grant bail violates due process, the relators should be ordered released. It should be noted that under South Dakota statutory law, bail pending appeal is available as a matter of right in those cases which impose only a fine as punishment.[2] In all other cases, according to the statute, bail should be granted pending appeal as the ends of justice require.[3] This statutory scheme does not appear to violate the federal constitution. There is no constitutionally guaranteed right to bail in all situations. Mastrian v. Hedman, 326 F. 2d 708, 710 (8th Cir. 1964).

In the *Mastrian* case, it is indicated that a federal court, in reviewing a state court's decision on the question of bail in a state case, exercises a limited function. The question to be answered by a federal court is not whether the federal court might have decided the bail request differently in the first instance; the question is rather whether the decision of the state trial judge was

> beyond the range within which judgments could rationally differ in relation to the apparent elements of the situation. It would have to amount in its effect to legal arbitrariness in the administration of the bail right provided, so as to constitute a violation of due process, or to discriminatoriness in the application of the right as against petitioner, so as to constitute a violation of equal protection. Mastrian v. Hedman, 326 F.2d 708, 711 (8th Cir. 1964).

This Court's decision earlier in this proceeding was premised on the lack of any enunciated reasons for the state court's decision on the bail question. 381 F.Supp. at 987. Clearly, this Court was unable to exercise even the limited function appropriate under the *Mastrian* case, in the absence of reasons. This Court held that such a lack of reasons, in and of itself, was arbitrary, and in violation of the due process clause of the Fourteenth Amendment. Now, this Court must determine whether the state court bail hearing, the transcript of which is before this Court, has remedied the error upon which this Court's previous decision was based, and additionally to ascertain whether the decision of the state trial judge to deny bail fails to meet the due process standard enunciated in *Mastrian, supra.*

In refusing bail pending appeal at the conclusion of the bail hearing, the state court judge indicated the factors he considered. In the case of High Eagle, the trial judge alluded to Mr. High Eagle's four previous felony convictions, and to the felony conviction for the crime at issue in the then instant case. The trial judge also made reference to

1. The State Supreme Court subsequently granted bail for Sarah Bad Heart Bull, but not for the other two relators. As a result, this decision will relate only to the question of bail for Dahl and High Eagle.

2. S.D.C.L. Sec. 23-26-4(1).

3. S.D.C.L. Sec. 23-26-4(2).

his belief that the evidence brought out at the state trial indicated violent conduct on the part of Mr. High Eagle, and attacks on police officers, and a disregard for the laws of the State. The Court also indicated that Mr. High Eagle had in the past shown a tendency to disregard some of his required court appearances. The trial judge concluded that bail pending appeal for a five-time felon would not be in the best interests of the public.

As for Mr. Dahl, the trial judge indicated that he had previously been convicted of fourth degree burglary, and of assault with a dangerous weapon. The judge also stated that the testimony in the case at issue indicated that Mr. Dahl was involved in violent conduct. The state judge also alluded to a certain statement made by Mr. Dahl during the trial as indicating a threat to court personnel.

In State v. Olson, 82 S.D. 605, 152 N.W.2d 176 (1967), certain factors are indicated as bearing upon the appropriateness of bail pending appeal in a given case. The factors to be considered include the danger posed to the community by the defendant, the likelihood that bail will assure the defendant's appearance before the Court when required, and whether the appeal is frivolous. In this case, the state trial judge relied both on a danger to the community posed by the defendants, and in the case of Mr. High Eagle the likelihood of his appearance in court when required. It appears that in denying bail the trial judge did not contend or suggest that the appeal was frivolous. In this Court's opinion, the transcript of the bail hearing indicates that the trial judge did consider the appropriate factors in denying the bail request, and finds accordingly.

While this Court may have responded differently to the motion for bail pending appeal had the defendants been convicted of a federal crime in this Court, this Court is of the opinion that under the standard enunciated in *Mastrian*, quoted earlier in this opinion, it cannot be said that the state judge's decision was beyond the range within which judgments could rationally differ.

The foregoing shall constitute findings of fact and conclusions of law, in accordance with Rule 52(a) of the Federal Rules of Civil Procedure.

The attorney for the respondents will prepare and submit to the Court an order in accordance with this memorandum decision quashing the writ of habeas corpus in this case.