**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Roland Joseph HICKEY, Defendant and Appellant.**

**No. 12460.**

Supreme Court of South Dakota.

Decided Sept. 13, 1978.

William J. Janklow, Atty. Gen., Pierre, Dallas E. Brost, State's Atty., Lyman County, Presho, for plaintiff and respondent.

Charles Rick Johnson of Johnson, Johnson & Eklund, Gregory, for defendant and appellant.

ZASTROW, Justice.

The appellant, Roland Joseph Hickey, has made an application to this court for the setting of bail pending his appeal of the judgment of conviction for first degree manslaughter. In support of that application, appellant has attached a copy of the sentencing hearing at which time the appellant orally requested the trial judge to set bail pending his appeal. Although the notice of appeal had not been prepared or filed at that time, the trial judge denied appellant's request on the grounds that it was "not in the best interest of justice."

The habeas corpus action of *United States ex rel. Bad Heart Bull v. Parkinson*, 1974, D.C.S.D., 381 F.Supp. 985, involved a procedurally similar situation. There the trial judge had denied a convicted defendant's motion for bail pending appeal without any findings in support of the denial of bail. The defendant then made application to this court and again the application was denied; however, Justice Winans in so doing set forth the factors he considered and the facts upon which he relied.

Federal District Judge Nichol in granting the writ of habeas corpus stated:

"As this court perceives this case, however, any constitutional infirmity which arose at the trial court level may not be corrected so easily. It should also be borne in mind that the Supreme Court of South Dakota attaches great weight to the decision of the trial judge in these matters. *State v. Wilcox*, 48 S.D. 646, 205 N.W. 708 (1925). In the opinion of this court, *the failure of the trial judge to indicate on the record, at the time of his ruling, the factors he considered and facts upon which he relied, constitutes a violation in itself of the Fourteenth Amendment's due process clause.*"

\*    \*    \*    \*    \*    \*

"This court concludes that the trial. court's denial of bail to these relators violated their constitutional rights. It is not this court's ruling that these relators have an unqualified right to bail pending appeal; rather, this court finds that they are entitled to a hearing and a decision on their motion for bail pending appeal which accords with the due process requirements of the Fourteenth Amendment to the United States Constitution." 381 F.Supp. at 987–988.

(emphasis added)

Although the writ of habeas corpus was granted, the Federal District Court "stay(ed) the enforcement of the writ for a period of fifteen days and will authorize its dissolution if, within that period, the state court provides a hearing on the bail issue, and either grants reasonable bail, or accompanies a denial of bail with sufficient findings of fact to pass constitutional muster." 381 F.Supp. at 988.

The state trial court subsequently held such a hearing, entered findings of fact and again denied bail pending appeal. Upon a further review, the Federal District Court found the factors considered and findings of fact sufficient to sustain the denial of bail pending appeal. See *United States ex rel. Bad Heart Bull v. Parkinson*, 1974, D.C. S.D., 385 F.Supp. 1265.

■ The *Bad Heart Bull* decisions require that on an application for bail pending appeal the appellant is entitled to a hearing on his application, and, if the application is denied, a statement of the factors which the court considered in its decision with the facts upon which the court relied.

■ Although it is unclear from the *Bad Heart Bull* decisions whether Justice Winans' denial might have been upheld had he held a hearing, we do not intend to establish a precedent of holding bail hearings before members of this court in the first instance. We are of the opinion that such applications should originally be made and heard before the trial court. We are aware that during the course of the proceedings and trial, the trial court has heard evidence which would allow it to make an adequate inquiry to bring forth pertinent facts at a bail hearing. After such hearing, the trial court may set a reasonable bail pending appeal or deny such bail with findings of fact sufficient to pass the "constitutional muster" alluded to in the *Bad Heart Bull* decisions.

It will then be for this court to determine from the record made whether a reasonable bail has been set, whether the denial of bail is constitutionally permissible, or whether bail will be allowed under SDCL 23–51–13.

The appellant's application for bail pending appeal is remanded to the trial court for proceedings in accordance with this opinion.

All the Justices concur.