Daniel GROOMS, Petitioner,

v.

Herman SOLEM, Warden, South Dakota State Penitentiary, Mark Meierhenry, Attorney General, State of South Dakota, Respondents.

No. CIV 83–4078.

United States District Court,
D. South Dakota, S.D.

May 10, 1983.

Daniel Grooms, pro se.

## MEMORANDUM OPINION and ORDER OF DISMISSAL

JOHN B. JONES, District Judge.

Daniel Grooms was convicted of grand theft in the Circuit Court of Deuel County, South Dakota, and sentenced to imprisonment in the South Dakota State Penitentiary for 30 years. He has appealed this conviction.

Petitioner by this action seeks to have this court order his release on bail pending appeal. I conclude that this application is a petition for writ of habeas corpus under 28 U.S.C. § 2254.

For reasons more fully set out herein, the court dismisses the petition for failure to exhaust state court remedies. 28 U.S.C. § 2254(b); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

■ It is well settled that a state petitioner is without an absolute federal constitutional right to bail pending appeal after conviction. *Young v. Hubbard,* 673 F.2d 132, 134 (5th Cir.1982); *Hamilton v. New Mexico,* 479 F.2d 343, 344 (10th Cir.1973); *Hooks v. Fourth District Court of Appeals,* 442 F.2d 1042, 1043 (5th Cir.1971); *Bloss v.*

*Michigan,* 421 F.2d 903, 905 (6th Cir.1970); *United States ex rel Means v. Solem,* 440 F.Supp. 544, 548 (D.S.D.1977).

■ Where, however, a state makes provisions for bail pending appeal, the Eighth and Fourteenth Amendments provide that it may not be denied arbitrarily or unreasonably. *Young v. Hubbard,* 673 F.2d at 134, *Finetti v. Harris,* 609 F.2d 594, 599 (2d Cir.1979); *United States ex rel Means v. Solem,* 440 F.Supp. at 548, *citing United States ex rel Rainwater v. Morris,* 411 F.Supp. 1252, 1258 (N.D.Ill.1976).

Prior to July 1, 1979, South Dakota had a statute governing bail pending appeal which permitted either the trial court judge or the state supreme court to grant such bail. *See* S.D.C.1960 Supp. 34.4107 *cited in State v. Olsen,* 82 S.D. 605, 152 N.W.2d 176, 177 (1967) (Codified at S.D.C.L. § 23–51–13). As of July 1, 1979, S.D.C.L. section 23–51–13 was repealed by the South Dakota State Legislature. 1978 S.D. Sess.Laws ch. 178, § 577.

■ At the present time bail pending appeal is governed by S.D.C.L. section 23A–43–16. Under the current statutory scheme only "the court in which the conviction was had may release the defendant pending the outcome of the appeal." *Id.* The state supreme court may no longer grant such bail.

S.D.C.L. section 23A–43–16 expressly precludes a motion for amendment by circuit judge of conditions of release under S.D.C.L. section 23A–43–14 and appeal to the South Dakota Supreme Court for amendment of conditions of release under S.D.C.L. section 23A–43–15. "[O]ther rights to judicial review of conditions of release or orders of detention are not affected." S.D.C.L. § 23A–43–16.

Thus, it appears that a defendant who has been convicted of an offense and has filed an appeal may seek release pending appeal from the court in which he was convicted. If such motion is denied, the defendant may not move the court for an amendment of conditions of release.

**514**

Of course it follows that no appeal may be taken to the South Dakota Supreme Court for review of the motion for amendment in the first instance. Such is the holding of *State v. Lien*, 305 N.W.2d 388, 380 (S.D.1981). Had the appeal in *Lien* been brought directly under S.D.C.L. section 23A–43–16 rather than under S.D.C.L. section 23A–43–14 a different result would have ensued.

■ A state court's denial of bail pending appeal is subject to a due process analysis in a federal habeas corpus action. *United States ex rel Bad Heart Bull v. Parkinson*, 381 F.Supp. 985 (D.S.D.1974). In *State v. Hickey*, 269 N.W.2d 816 (S.D.1978) the South Dakota Supreme Court acknowledged the rule established in *Bad Heart Bull* and outlined a procedure for handling applications for bail pending appeal:

> We are of the opinion that such applications should be made and heard before the trial court. We are aware that during the course of the proceedings and trial, the trial court has heard evidence which would allow it to make an adequate inquiry to bring forth pertinent facts at a bail hearing. After such hearing, the trial court may set a reasonable bail pending appeal or deny such bail with findings of fact sufficient to pass the "constitutional muster" alluded to in the *Bad Heart Bull* decisions.
>
> It will then be for this court to determine from the record made whether a reasonable bail has been set, whether the denial of bail is constitutionally permissible, or whether bail will be allowed under S.D.C.L. 23–51–13.

*State v. Hickey*, 269 N.W.2d at 818.

■ While the South Dakota Legislature has withdrawn from the state supreme court the power to grant bail in the first instance, it has not withdrawn the court's power to review a state trial court's decision to grant or deny bail pending appeal. S.D.C.L. § 23A–43–16. Accordingly, the quoted passage from *Hickey* remains good law and should be followed whenever a state defendant seeks bail pending appeal. The federal district court is not the appropriate forum in which to take a direct appeal from a state trial judge's decision to grant or deny such bail.

After all, when a federal court evaluates a section 2254 petition it does not sit in appellate review of a state court's exercise of judicial discretion in its grant or denial of bail. *Hamilton v. New Mexico*, 479 F.2d at 344. The question is rather whether the decision of the state trial judge was

> beyond the range within which judgments could rationally differ in relation to the apparent elements of the situation. It would have to amount in its effect to legal arbitrariness in the administration of the bail right provided, so as to constitute a violation of due process, or to discriminatoriness in the application of the right as against petitioner, so as to constitute a violation of equal protection.

*United States ex rel Means v. Solem*, 440 F.Supp. at 549 *citing Mastrian v. Hedman*, 326 F.2d 708, 711 (8th Cir.1964).

If the federal district court were to entertain applications for bail pending appeal to the state supreme court, it would be sitting in direct appellate review of a state trial court's exercise of judicial discretion in its decision to grant or deny bail pending appeal with the applicant having exhausted his state court remedies. Such a result is not contemplated by 28 U.S.C. section 2254, nor the cases interpreting it.

### ORDER

Based upon the foregoing Memorandum,

IT IS HEREBY ORDERED that the petition of Daniel Grooms for a writ of habeas corpus be, and hereby is dismissed for failure to exhaust state court remedies.