STATE of North Dakota, Plaintiff and Appellee,

v.

Byron MANKE, Defendant and Appellant.

Cr. No. 1059.

Supreme Court of North Dakota.

Jan. 23, 1985.

Owen K. Mehrer, State's Atty., Dickinson, for plaintiff and appellee.

Byron Manke, pro se.

PEDERSON, Surrogate Judge.

Byron Manke appeals from the district court's order dismissing his application for post-conviction relief. We affirm.

Manke was tried by a Stark County district court jury and found guilty of gross sexual imposition. The relevant facts are set forth in *State v. Manke*, 328 N.W.2d 799 (N.D.1982), in which we affirmed Manke's conviction.

Manke filed an application for post-conviction relief with the district court. The court, concluding that Manke's application raised no issues of material fact, dismissed the application.

Manke has appealed to this Court, raising various issues relating to his application for post-conviction relief. In addition, Manke has filed a document entitled "Application For Post-Conviction Hearing SUPPLEMENT" in which he attempts to raise an additional issue.

■ The five issues raised in Manke's brief to this Court all deal with the admission into evidence of a laboratory report prepared by Aaron Rash, a chemist with the State Laboratory Department. Although the State attempted to call Rash as a witness at trial, Rash was not allowed to testify because the State had failed to endorse his name as a witness upon the criminal information. The district court, in admitting the laboratory report into evidence, expressly conditioned its receipt on Rash's availability for cross-examination by Manke's counsel. Manke's counsel declined to call Rash for cross-examination. On Manke's direct appeal from his conviction, we upheld admission of the laboratory report under Rule 803(8), NDREv. *State v. Manke, supra.*

Post-conviction proceedings are governed by Chapter 29–32, NDCC, our codification of the Uniform Post-Conviction Procedure Act. Section 29–32–08 provides:

"*29–32–08. Waiver of or failure to assert claims.*—All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental, or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application."

Section 1–02–13, NDCC, provides that any provision of the code "which is a part of a uniform statute shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it." *See also State v. Goetz,* 312 N.W.2d 1 (N.D.1981), *cert. denied,* 455 U.S. 924, 102 S.Ct. 1286, 71 L.Ed.2d 467 (1982). Thus, in construing the provisions of Chapter 29–32, NDCC, we may look to decisions of other states which have adopted the Uniform Act. *See Schneider v. S.L.M.,* 347 N.W.2d 126 (N.D.1984).

Although we have not directly addressed the issue before, other states which have adopted the Uniform Act have consistently construed Section 8 of the Act (our Section 29–32–08) to mean that issues finally adjudicated in a prior direct appeal are *res judicata* and cannot be raised in a subsequent post-conviction proceeding. *See, e.g., Kraft v. State,* 100 Idaho 671, 603 P.2d 1005 (1979); *Jones v. Scurr,* 316 N.W.2d 905 (Iowa 1982); *Armento v. Baughman,* 290 N.W.2d 11 (Iowa 1980); *Couser v. State,* 52 Md.App. 81, 447 A.2d 105 (1982); *Geelan v. State,* 85 S.D. 346, 182 N.W.2d 311 (1970); *Orricer v. State,* 85 S.D. 293, 181 N.W.2d 461 (1970). *Cf. State v. Lueder,* 267 N.W.2d 555 (N.D.1978) (issues finally adjudicated in prior post-conviction proceeding cannot be asserted in subsequent post-conviction proceeding unless there is "sufficient reason" why the issues were inadequately raised in prior proceeding). The post-conviction proceedings authorized under Chapter 29–32 are not intended to allow a defendant multiple opportunities to raise the same issues. We therefore conclude that the five issues raised by Manke relating to admission of the laboratory report, which was finally adjudicated in Manke's direct appeal from his conviction,

cannot now be raised in a post-conviction proceeding.

 Manke also asserts in the document entitled "Application For Post-Conviction Hearing SUPPLEMENT" that his conviction should be overturned because he was not present at the in-chambers conference at which the trial court decided to admit into evidence the laboratory report. This issue was not raised in the post-conviction proceedings before the trial court, and is raised for the first time on appeal. Matters raised for the first time on appeal will not be considered by this Court. *See, e.g., State v. Klose,* 334 N.W.2d 647 (N.D.1983); *State v. McLain,* 301 N.W.2d 616 (N.D. 1981); *State v. Moore,* 286 N.W.2d 274 (N.D.1979), *cert. denied,* 446 U.S. 943, 100 S.Ct. 2170, 64 L.Ed.2d 799 (1980).

The district court order dismissing the application for post-conviction relief is affirmed.

ERICKSTAD, C.J., and VANDE WALLE and GIERKE, JJ., concur.

PEDERSON, Surrogate Judge, participated in this case by assignment pursuant to § 27–17–03, NDCC.

Paul M. SAND, J., who died on December 8, 1984, was a member of this Court at the time this case was submitted.