2004 SD 36

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**William J. JANKLOW, Defendant and Appellant.**

No. 23162.

Supreme Court of South Dakota.

Considered on Briefs March 12, 2004.

Decided March 15, 2004.

**190**

Lawrence E. Long, Attorney General, Patricia Archer, Assistant Attorney General, Pierre, South Dakota, Attorneys for plaintiff and appellee.

Edwin E. Evans and Melissa C. Hinton of Davenport, Evans, Hurwitz & Smith, Sioux Falls, South Dakota, Attorneys for defendant and appellant.

SEVERSON, Presiding Circuit Judge.

[¶ 1.] William J. Janklow (Janklow) appeals the trial court's refusal to stay execution of his sentence and grant bail pending his appeal. Janklow filed a motion to suspend the rules pursuant to SDCL 15–26A–2 and requested that this Court hear this matter on an expedited basis. We granted the request and an expedited briefing schedule was approved in an order dated March 5, 2004. We find that the denial of bail was not an abuse of discretion. Therefore, we affirm.

## FACTS AND PROCEDURE

[¶ 2.] Janklow was charged in Moody County with the offenses of failure to stop at a stop sign, speeding, reckless driving, and second degree manslaughter. The charges arose from an August 16, 2003 collision in which Randolph Scott was killed. Janklow entered a not guilty plea to the charges and requested a jury trial.

[¶ 3.] A jury trial commenced on December 1, 2003 in Flandreau, South Dakota. On December 8, 2003, the jury returned guilty verdicts on all four charges. A presentence investigation was ordered prior to the sentencing hearing held on January 22, 2004. Pursuant to SDCL 23A–27–13, the trial court granted a suspended imposition of sentence on the second degree manslaughter charge. As required by statute, Janklow consented to the suspended imposition of sentence.

[¶ 4.] Under the suspended imposition of sentence, the trial court placed Janklow on probation for a period of three years upon certain conditions, including that Janklow serve 100 days in the Minnehaha County Jail, pay a fine in the amount of $5,000, and that he not drive a motor vehicle during the term of probation. The trial court entered a judgment of conviction on the charges of reckless driving, speeding and failure to stop at a stop sign. As to the reckless driving charge, Janklow was ordered to serve thirty days in the Minnehaha County jail concurrent with the jail time ordered on the second degree manslaughter charge and pay a fine in the amount of $350. He was also ordered to pay a $200 fine on both the speeding charge and failure to stop at a stop sign charge.

[¶ 5.] Janklow reported to the Minnehaha County Jail on February 7, 2004 to begin serving his jail time. The trial court denied his motion for a new trial on February 18, 2004. After filing an appeal as to the reckless driving and second degree manslaughter convictions, Janklow moved the trial court to stay the execution of his sentence and release him on bail pending appeal. The trial court held a hearing on the motion on March 2, 2004. After making findings of fact on the record, the trial court denied the motion to stay execution of the sentence and for bail pending appeal. Janklow filed this appeal of the order denying his motion for stay and bail pending appeal. We granted expedited appeal proceedings in this matter.

## STANDARD OF REVIEW

[¶ 6.] The denial of bail pending appeal is reviewed under an abuse of discretion standard. " 'We determine that an abuse of discretion occurred only if no judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached such a conclusion.' " *Lakota Community Homes, Inc. v. Randall,* 2004 SD 16, 9, 675 N.W.2d 437, 440 (quoting *City of Sioux Falls v. Johnson,* 2003 SD 115, 6, 670 N.W.2d 360, 362 (citations omitted)). In applying the abuse of discretion standard, 'we do not determine whether we would have made a like decision, only whether a judicial mind, considering the law and the facts, could have reached a similar decision.' *State v. Aesoph,* 2002 SD 71, 31, 647 N.W.2d 743, 754–55 (quoting *State v. Fowler,* 1996 SD 78, 12, 552 N.W.2d 92, 94–5 (citations omitted)).

## ANALYSIS AND DECISION

[¶ 7.] "It is well settled that a state petitioner is without an absolute federal constitutional right to bail pending appeal after conviction." *Grooms v. Solem,* 562 F.Supp. 512, 513 (D.S.D.1983) (citations omitted). However, South Dakota has a statute permitting bail pending appeal. SDCL 23A–43–16 provides: [1]

On motion of a defendant who has been convicted of an offense, the court in which the conviction was had may release the defendant prior to the entry of judgment, pending the expiration of time for filing notice of appeal, and pending the outcome of the appeal. The court in determining the eligibility of the defendant for release shall consider the criteria as set forth in § 23A–43–4, the risk that the defendant will flee or pose a danger to any person or to the community, and in the case of an appeal, whether the appeal is frivolous or taken for purposes of delay. If the court in its discretion determines that the defendant is eligible for release, the court shall release the defendant in accordance with §§ 23A–43–2 and 23A–43–3. If, however, the judgment imposes only a fine, conditional release under this section is a matter of right. The provisions of §§ 23A–43–14 and 23A–43–15 do not apply to persons described in this section; however, other rights to judicial review of conditions of release or orders of detention are not affected.

[¶ 8.] While SDCL 23A–43–16 expressly precludes a motion pursuant to SDCL 23A–43–14 to the circuit court judge for an amendment of conditions of release and an appeal pursuant to SDCL 23A–43–15 for amendment of conditions of

---

1. Prior to July 1, 1979, either the trial court judge or a supreme court justice could grant bail pending appeal. *See* SDC 1960 Supp 34.4107 (codified as SDCL 23–51–13) (cited in *State v. Olson,* 82 S.D. 605, 152 N.W.2d 176, 177 (1967)). However, SDCL 23–51–13 was repealed by the South Dakota Legislature and replaced by SDCL 23A–43–16.

release, an order denying bail pending appeal is an appealable order. *See Grooms,* 562 F.Supp. at 514; *State v. Burgers,* 1999 SD 140, 602 N.W.2d 277.

[¶ 9.] SDCL 23A–43–16 states that the court "may" release an individual on bail pending appeal. SDCL 23A–43–16 is a discretionary statute. *Burgers,* 1999 SD 140 at ¶ 15, 602 N.W.2d at 281. Therefore, a denial of bail pending appeal is reviewed under the abuse of discretion standard with deference to the decision of the trial court judge. *See Burgers,* 1999 SD 140 at ¶ 15, 602 N.W.2d at 281. However, when "a state makes provisions for bail pending appeal, the Eighth and Fourteenth Amendments provide that it may not be denied arbitrarily or unreasonably." *Grooms,* 562 F.Supp. at 513 (citations omitted).

[¶ 10.] Although *State v. Hickey,* 269 N.W.2d 816, 818 (S.D.1978) was decided under the prior statute which granted both the trial court judge and a justice of the Supreme Court the power to grant bail pending appeal, it referred to *US ex rel. Bad Heart Bull v. Parkinson,* 381 F.Supp. 985 (D.S.D.1974)[2] in outlining the procedure for handling applications for bail pending appeal. This Court stated:

> We are of the opinion that such applications should originally be made and heard before the trial court. We are aware that during the course of the proceedings and trial, the trial court has heard evidence which would allow it to make an adequate inquiry to bring forth pertinent facts at a bail hearing. After such hearing, the trial court may set a reasonable bail pending appeal or deny

such bail with findings of fact sufficient to pass the "constitutional muster" alluded to in the *Bad Heart Bull* decisions.

It will then be for this court to determine from the record made whether a reasonable bail has been set, whether the denial of bail is constitutionally permissible....

*Hickey,* 269 N.W.2d at 818.

[¶ 11.] In *Bad Heart Bull,* 381 F.Supp. at 987, the federal district court stated:

> In the opinion of this court, the failure of the trial judge to indicate on the record, at the time of his ruling, the factors he considered and facts upon which he relied, constitutes a violation in itself of the Fourteenth Amendment's due process clause. As is stated in *United States ex rel. Keating v. Bensinger,* 322 F.Supp. 784, 787 (N.D.Ill.):
>
>> When a state court denies bail authorized by the state legislature without providing any supporting reasons, the failure to indicate the motivating reasons for the denial of bail is in and of itself an arbitrary action that violates the Eighth and Fourteenth Amendments. Any other rule would effectively nullify the protection of those Amendments.

[¶ 12.] SDCL 23A–43–16 provides that the court "consider the criteria as set forth in § 23A–43–4, the risk that the defendant will flee or pose a danger to any person or to the community, and in the case of an appeal, whether the appeal is frivolous or taken for purposes of delay" in determining whether to grant bail pending appeal.[3]

---

**2.** Decision Quashed by *US ex rel. Bad Heart Bull v. Parkinson,* 385 F.Supp. 1265 (D.S.D. 1974) (affirming the denial of bail after rehearing before the trial court considering the appropriate factors).

**3.** SDCL 23A–43–4 provides:

> In determining which conditions of release will reasonably assure appearance, a committing magistrate or court shall, on the basis of available information, take into account the nature and circumstances of the offense charged, the weight of the evidence

■ [¶ 13.] While this case has generated a great deal of public attention, Janklow's status as a public figure does not change the standard of review under which we review the trial court judge's decision. The same criteria must be applied.[4] We review the trial court judge's decision under an abuse of discretion standard.

■ [¶ 14.] At the hearing on Janklow's motion for stay of execution and bail pending appeal, the trial court judge heard details from Janklow's attorney on the pertinent factors favoring granting bail. As in *Burgers*, we may presume that the trial court judge was familiar with the file and the relevant facts. *Burgers*, 1999 SD 140 at ¶ 15, 602 N.W.2d at 281. The trial court judge referred to factors found in SDCL 23A–43–4 and SDCL 23A–43–16. He made findings on the record at the time of his ruling regarding the factors he considered and his reasons for denying the motion. By his remarks, it is clear that he read the statutes and, therefore, considered the factors of each of them. Having presided over the trial, the trial court judge was in the best position to assess the weight of the evidence. In particular, the trial court judge commented on the nature and circumstances of the offense. The

trial court judge also discussed the substantial weight of the evidence against the defendant. This case involves a serious felony in which a death occurred. The jury found Janklow guilty of the crimes charged. "Having been convicted, defendant is no longer clothed with the presumption of innocence." *State v. Means*, 257 N.W.2d 595, 600 .(S.D.1977). As we have stated previously, there is no absolute right to bail pending appeal. The decision to grant bail pending appeal is discretionary. *Burgers*, 1999 SD 140 at ¶ 15, 602 N.W.2d at 281. The statutes and relevant case law do not require that findings be made on each factor, nor is there a requirement to balance the competing factors. The trial court judge made findings on pertinent statutory factors and those findings support the decision to deny bail pending appeal. The mere fact that the trial court judge mentioned other considerations does not rise to the level of abuse of discretion.

[¶ 15.] Applying the abuse of discretion standard of review, we find no abuse of discretion by the trial court judge in refusing to stay execution and grant bail pending the outcome of the underlying appeal.[5]

[¶ 16.] Affirmed.

---

against the defendant, the defendant's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings, and the risk that he will flee or pose a danger to any person or to the community.

4. We note that the legislature uses "factor" and "criteria" interchangeably in the context of bail considerations.

5. In his appellate brief, Janklow argues that if his request for bail pending appeal is not granted, the underlying appeal of his convictions for second degree manslaughter and reckless driving "for all practical purposes"

will be moot because he most likely will have served the 100–day jail sentence before a decision is made on the appeal. We disagree. There are other consequences of the suspended imposition of sentence in addition to serving 100 days in the jail. Under the terms of the suspended imposition of sentence, Janklow is placed on probation for a period of 3 years, he is prohibited from driving an automobile during the period of probation and must pay a $5,000 fine. Janklow was convicted of a Class 4 felony which carries a maximum penalty of 10 years imprisonment in the state penitentiary and a $10,000 fine. In the event that he fails to comply with the terms of the suspended imposition of sentence, the trial court reserves jurisdiction to revoke the suspension· and sentence him without credit for the time spent on probation. An order

[¶ 17.] GILBERTSON, Chief Justice, SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, disqualified.

[¶ 18.] SEVERSON, Presiding Circuit Judge, and RUSCH, VON WALD, CALDWELL and BASTIAN, Circuit Judges, sitting by appointment.

[¶ 19.] CALDWELL, Circuit Judge, concurs.

[¶ 20.] BASTIAN, Circuit Judge, concurs specially.

[¶ 21.] RUSCH and VON WALD, Circuit Judges, dissent.

BASTIAN, Circuit Judge, concurring specially.

[¶ 22.]SDCL 23A–43–4 requires the trial court to consider several factors including "the nature and circumstances of the offense charged[.]" I specially concur to point out that the impact of a crime on the victims is inextricably connected to the nature and circumstances of the offense, particularly in post-conviction analysis. It was not improper for the trial court to consider the interests of the victim's family in conjunction with this mandatory factor.

RUSCH, Circuit Judge, dissenting.

[¶ 23.] I agree that the same criteria should be used to determine whether this defendant should be released pending appeal as would be applied to any other defendant. The South Dakota legislature has specifically enacted a statute authoriz-ing bail pending appeal. SDCL 23A–43–16 provides:

> On motion of a defendant who has been convicted of an offense, the court in which the conviction was had may re-lease the defendant prior to the entry of judgment, pending the expiration of time for filing notice of appeal, and pending the outcome of the appeal. The court in determining the eligibility of the defendant for release *shall consider* the criteria as set forth in § 23A–43–4, the risk that the defendant will flee or pose a danger to any person or to the commu-nity, and in the case of an appeal, wheth-er the appeal is frivolous or taken for purposes of delay. If the court in its discretion determines that the defendant is eligible for release, the court shall release the defendant in accordance with §§ 23A–43–2 and 23A–43–3. If, howev-er, the judgment imposes only a fine, conditional release under this section is a matter of right. The provisions of §§ 23A–43–14 and 23A–43–15 do not ap-ply to persons described in this section; however, other rights to judicial review of conditions of release or orders of de-tention are not affected. (emphasis sup-plied).

When "a state makes provisions for bail pending appeal, the Eighth and Four-teenth Amendments provide that it may not be denied arbitrarily or unreasonably." *Grooms v. Solem,* 562 F.Supp. 512, 513 (D.S.D.1983) (citations omitted). In *U.S. ex rel. Bad Heart Bull v. Parkinson,* 381

---

suspending imposition of sentence is a final and appealable order. *State v. Brassfield,* 2000 SD 110, ¶ 8, 615 N.W.2d 628, 631. In *Geelan v. State,* 85 S.D. 346, 182 N.W.2d 311 (1970) the fact that the petitioner had served his sentence and been released from the peni-tentiary during the pendency of the appeal did not necessarily render the appeal moot. "Because of the adverse consequences that may flow from so recent a conviction, exclu-sive of the punishment inflicted thereon, he still may seek to have it nullified. It could disqualify him from engaging in certain busi-ness activities and seriously prejudice him in the affairs of his everyday life." *Id.* 85 at 348, 182 N.W.2d at 312. Therefore, the appeal of Janklow's conviction for second degree man-slaughter would not necessarily be moot in the event that he serves the 100 days in jail prior to the decision on the appeal.

F.Supp. 985, 987 (D.S.D.1974), the federal district court stated:

> In the opinion of this court, the failure of the trial judge to indicate on the record, at the time of his ruling, the factors he considered and facts upon which he relied, constitutes a violation in itself of the Fourteenth Amendment's due process clause. As is stated in *United States ex rel. Keating v. Bensinger*, 322 F.Supp. 784, 787 (N.D.Ill.):
>
> > When a state court denies bail authorized by the state legislature without providing any supporting reasons, the failure to indicate the motivating reasons for the denial of bail is in and of itself an arbitrary action that violates the Eighth and Fourteen Amendments. Any other rule would effectively nullify the protection of those Amendments.

[¶ 24.] In *State v. Hickey*,[6] 269 N.W.2d 816, 818 (S.D.1978), the South Dakota Supreme Court referred to the *Bad Heart Bull* decision as establishing the necessary constitutional requirements for handling applications for bail pending appeal and that the Supreme Court would determine "from the record made whether a reasonable bail has been set, [and] whether the denial of bail is constitutionally permissible...."

[¶ 25.] In enacting SDCL 23A–43–16, the legislature required that, in determining whether to release a defendant while he is appealing, the court "shall" consider various factors. Since the legislature used the term "shall" rather than "may," this is mandatory not optional. The criteria set forth in §§ 23A–43–16 and 23A–43–4 include the following:

1) The nature and circumstances of the offense charged;

2) The weight of the evidence against the defendant;

3) The defendant's family ties, employment, financial resources, character and mental condition;

4) The length of his residence in the community;

5) His record of convictions, his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings; and

6) The risk that the defendant will flee or pose a danger to any person or to the community.

7) Whether the appeal is frivolous or taken for purposes of delay.

[¶ 26.] At the hearing on the motion for stay pending appeal on March 2, 2004, the trial judge considered factors 1) and 2), although his finding that the death was caused by recklessness, rather than a more culpable mental state, would be more in favor of release than against it. It is also clear that the nature and circumstances of the offense had not changed from the earlier time when he released the defendant on a personal recognizance bond. The judge also considered factor 7) in finding that the purpose of the appeal was delay but never made any finding that it was frivolous. He did not consider factors 3), 4), 5) and 6) at all. Most significantly, he made no findings, and there is no finding anywhere in the record, that the defendant presented any risk of flight or danger to the community. As a result, this case is distinguishable from *State v. Burgers*, 1999 SD 140 at ¶ 15, 602 N.W.2d at 281, wherein the magistrate had made

---

6. Although *State v. Hickey* was decided under the prior statute which granted both the trial judge and a justice of the Supreme Court the power to grant bail pending appeal, its analysis of the procedure to be used is still good law. *See Grooms*, 562 F.Supp. at 514.

specific findings that the defendant posed a danger to others and was a flight risk.

[¶ 27.] In addition to his failure to consider at least four of the mandatory factors, the trial judge considered the following factors which are not proper factors for determining whether bond should be allowed pending appeal: 1) that this petition for bond was post conviction (however there was no discussion of this factor); 2) that a suspended imposition was given (there was no discussion of this); 3) that this may be affected by SDCL 23A–33–5 (again there was no discussion of how this affected the court's decision); 4) that the issues on appeal were insubstantial and the chance of a successful appeal was unlikely; 5) that the interests of the family of the victim in closure and retribution would be affected; 6) that the interests of the public in retribution would be affected; and 7) that retribution needs to be swift and complete.

[¶ 28.] It is clear from the transcript of the motion hearing that the trial judge did not consider many of the factors which he was required to consider in setting bond and most importantly failed to consider at all whether the defendant posed a danger to others or was a flight risk. In addition, he considered, and appeared to give heavy weight to factors which were not included in the criteria which the legislature established in SDCL 23A–43–16 or 23A–43–4.

Of these, the most troubling is his reliance upon the element of retribution. This is not a factor which the legislature has determined to be appropriate in determining whether a defendant should be released on bond. There is no importance in imposing retribution or, in other words punishment, before a conviction is even final.

[¶ 29.] A decision based upon an error of law is an abuse of discretion. *State v. Ashbrook*, 1998 SD 115, ¶ 6, 586 N.W.2d 503, 506. The decision of the trial judge denying bond was an abuse of discretion because he failed to consider factors which he is required to consider by SDCL 23A–43–16 and because he based his decision on other improper factors outside of the statute. This case should be remanded to the trial court to determine whether bond should be allowed pending appeal considering the criteria which the legislature established in SDCL 23A–43–16 and 23A–43–4.

[¶ 30.] VON WALD, Circuit Judge, joins this dissent.