#26351-a-JKK

**2012 S.D. 65**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,            Plaintiff and Appellee,

      v.

GEORGE J. CARUSO,             Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
MEADE COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JEROME A. ECKRICH, III
Judge

* * * *

MARTY J. JACKLEY
Attorney General

ANN C. MEYER
Assistant Attorney General
Pierre, South Dakota            Attorneys for plaintiff
                                      and appellee.

ALAN P. CAPLAN
Henderson, Nevada

and

JOSEPH E. ELLINGSON
Spearfish, South Dakota            Attorneys for defendant
                                      and appellant.

* * * *

CONSIDERED ON BRIEFS
ON SEPTEMBER 4, 2012

OPINION FILED **09/12/12**

#26351

KONENKAMP, Justice

[¶1.] George J. Caruso was convicted of simple assault and sentenced to 360 days in the Meade County Jail. He sought bail pending appeal, in accord with SDCL 23A-43-16. The motion was denied. Caruso appeals. Under SDCL 15-26A-2, we granted Caruso's motion to suspend the rules and grant expedited proceedings.

## Background

[¶2.] Caruso, a member of the Hells Angels Motorcycle Club, was convicted by a jury of simple assault. The conviction arose from an altercation between members of the Hells Angels and the Mongols Motorcycle Club during the 2011 Sturgis Motorcycle Rally. Caruso started the confrontation when, unprovoked, he threw a punch at a rival gang member who was passing by a motorcycle shop in Sturgis, South Dakota.[1] Caruso's attack incited, in the trial court's words, a "sprawling melee" in the public streets and sidewalks. Despite immediate law enforcement action, two people were stabbed.

[¶3.] Caruso was arrested and eventually released from custody after posting a $1,000 cash bond. A jury found Caruso guilty of simple assault on January 26, 2012, and a presentence investigation was ordered. The trial court permitted Caruso to remain at liberty on his previously posted bond. On March 5, 2012, Caruso was sentenced to 360 days in the Meade County Jail.

[¶4.] Caruso filed a motion to permit bond pending appeal. A hearing was held on April 18, 2012, before Circuit Court Judge Eckrich who also presided over

---

1. The motorcycle shop, Sturgis Choppers, is one block from the Meade County Courthouse. Defendant Caruso is part-owner of the shop.

the January 2011 jury trial. The court took the matter under advisement and issued a memorandum decision denying Caruso's motion on April 26, 2012.

[¶5.]	In its decision, the court addressed each of the factors described in SDCL 23A-43-4. Specifically, the court found that Caruso resides and has a successful construction business in Massachusetts; he never resided in Sturgis nor had any familial ties there; he has "substantive" financial resources; and he does not have a mental condition. The court also found that Caruso's character references attested to his unqualifiedly high moral character, but, considering his behavior on August 10, 2011, the court reasoned that the references exaggerated and incompletely described Caruso's character. Further, the court found that Caruso attended all required court proceedings, but determined that he was more of a flight risk following sentencing because he "now stands convicted and sentenced to 360 days in jail" and "would be less inclined to return to a foreign jurisdiction half a continent away from home." Based upon Caruso's unprovoked violence and indifference to the welfare of innocent bystanders, the court found that Caruso "personifies danger to the community." In considering the weight of the evidence, the court noted that Caruso's "sucker-punch" and the violent aftermath were captured by a video camera and the court had no reason to dispute the jury's guilty verdict. Further, the court noted that Caruso has a prior felony conviction in federal court for conspiracy to distribute a controlled substance in 1993. Lastly, the court found that Caruso's appeal was neither frivolous nor for purposes of delay. Caruso appeals the denial of bond asserting that the trial court abused its discretion in denying his motion.

## Standard of Review

[¶6.]     Under SDCL 23A-43-16, in deciding whether to release a defendant pending appeal, trial courts "shall consider the criteria as set forth" in both SDCL 23A-43-4 and SDCL 23A-43-16. Once the court has considered these criteria, it "may" release a defendant pending the outcome of an appeal. SDCL 23A-43-16. "If the court *in its discretion* determines that the defendant is eligible for release, the court shall release the defendant in accordance with §§ 23A-43-2 and 23A-43-3." *Id.* (emphasis added). Thus, we review a trial court's ultimate decision to grant or deny release under an abuse of discretion standard. *State v. Janklow*, 2004 S.D. 36, ¶ 6, 678 N.W.2d 189, 191. An abuse of discretion "is a fundamental error of judgment, a choice outside the range of permissible choices, a decision, which, on full consideration, is arbitrary or unreasonable." *State v. Lemler*, 2009 S.D. 86, ¶ 40, 774 N.W.2d 272, 286 (citations omitted).

## Analysis and Decision

[¶7.]     Caruso contends that the trial court abused its discretion in refusing to release him pending appeal. Specifically, he argues the trial court abused its discretion because he meets all the factors set forth in SDCL 23A-43-16 and the circumstances have not changed since the trial court released him on bail pending sentencing. SDCL 23A-43-16 provides, in part,

> On motion of a defendant who has been convicted of an offense, the court in which the conviction was had may release the defendant prior to the entry of judgment, pending the expiration of time for filing notice of appeal, and pending the outcome of the appeal. The court in determining the eligibility of the defendant for release shall consider the criteria as set forth in § 23A-43-4, the risk that the defendant will flee or pose a danger to any person or to the community, and in the case of an appeal,

whether the appeal is frivolous or taken for purposes of delay. If the court in its discretion determines that the defendant is eligible for release, the court shall release the defendant in accordance with §§ 23A-43-2 and 23A-43-3.

[¶8.]     While the decision to grant or deny bail pending appeal is within the discretion of the trial court, "when 'a state makes provisions for bail pending appeal, the Eighth and Fourteenth Amendments provide that it may not be denied arbitrarily or unreasonably.'" *Janklow*, 2004 S.D. 36, ¶ 9, 678 N.W.2d at 192 (quoting *Grooms v. Solem*, 562 F. Supp. 512, 513 (D.S.D. 1983) (citations omitted)). Thus, "the failure of the trial judge to indicate on the record, at the time of his ruling, the factors he considered and facts upon which he relied, constitutes a violation . . . of the Fourteenth Amendment's due process clause." *Id.* ¶ 11 (citing *U.S. ex rel. Bad Heart Bull v. Parkinson*, 381 F. Supp. 985, 987 (D.S.D. 1974) (citations omitted)).

[¶9.]     "The statutes and relevant case law do not require that findings be made on each factor, nor is there a requirement to balance the competing factors." *Id.* ¶ 14. Rather, a trial court's decision must be supported by "findings of fact sufficient to pass the 'constitutional muster' alluded to in the *Bad Heart Bull* decisions."[2] *Id.* ¶ 10. On appeal, this Court must "determine from the record made whether . . . denial of bail is constitutionally permissible." *Id.*

[¶10.]     Caruso was convicted by a jury of simple assault. Once convicted, "[Caruso was] no longer clothed with the presumption of innocence" nor did he have an absolute right to bail pending appeal. *Id.* ¶ 14 (quoting *State v. Means*, 257

_____

2.     *See Bad Heart Bull*, 381 F. Supp. at 987.

N.W.2d 595, 600 (S.D. 1977)).  Instead, as previously stated, the decision to grant bail pending appeal was within the trial court's discretion.  In exercising its discretion, the trial court, in accordance with SDCL 23A-43-16, was required to consider the factors set forth in SDCL 23A-43-4,[3] the risk that the defendant would flee or pose a risk to any person or to the community, and whether the appeal is frivolous or taken for purposes of delay.  *See id.* ¶ 12.

[¶11.]    Here, in addition to the testimony presented at the bond hearing, the trial court had the opportunity to review Caruso's criminal history, the presentence investigation, as well as the trial evidence.  As this Court stated in *State v. Burgers* and *Janklow*, "[W]e may presume that the trial court judge was familiar with the file and the relevant facts."  *Janklow*, 2004 S.D. 36, ¶ 14, 678 N.W.2d at 193 (citing *State v. Burgers*, 1999 S.D. 140, ¶ 15, 602 N.W.2d 277, 281).  And, "[h]aving presided over the trial, the trial court judge was in the best position to assess the weight of the evidence."  *Id.*

[¶12.]    The trial court discussed the statutory factors, made findings of fact regarding each factor, and provided reasons for denying the motion.  In particular, the court found that Caruso, a resident of Massachusetts, was more of a flight risk

---

3.    SDCL 23A-43-4 includes the following criteria:

> [T]he nature and circumstances of the offense charged, the weight of the evidence against the defendant, the defendant's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings, and the risk that he will flee or pose a danger to any person or to the community.

following sentencing because he was convicted and sentenced to 360 days in jail. Thus, the court reasoned, Caruso was no longer holding out hope for a lighter sentence and would be less inclined to appear for sentencing. The trial court's findings of fact are supported by the record and accordingly are not clearly erroneous. That the circumstances remained the same since the court released Caruso on bail pending imposition of sentence did not compel the court to continue release. The sentencing was "enough to confer fresh discretion upon the trial court in considering bail pending appeal." *State v. Aikens*, 607 A.2d 948, 949 (N.H. 1992). Therefore, the trial court did not abuse its discretion in refusing bail pending the outcome of the appeal.

[¶13.]    Affirmed.

[¶14.]    GILBERTSON, Chief Justice, ZINTER, SEVERSON, and WILBUR, Justices, concur.